# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

CLAUDE B. OAKLEY                                                                                PLAINTIFF
ADC #108541

V.                                    No. 1:19CV00048-JM-JTR

JERRY L. HOWARD II, Sergeant,
North Central Unit, ADC, *et al.*                                                      DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Moody can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

## I. Introduction

Plaintiff Claude B. Oakley ("Oakley"), a prisoner at the Grimes Unit of the Arkansas Department of Correction ("ADC"), has filed a *pro se* § 1983 Complaint

alleging that Defendants violated his constitutional rights. *Doc. 2.* Before Oakley may proceed with this case, the Court must screen his allegations.[1]

## II. Discussion

Oakley alleges that, on March 24, 2016, his "left leg had a spasm" while he was trying to comply with an order to kneel by Defendant Sergeant Jerry L. Howard II ("Howard"). According to Oakley: (1) Howard then "violently jump[ed] him," choked him until he almost passed out, and punched him in the face; (2) Defendant Corporal Goforthe ("Goforthe") held Oakley's legs down while Howard slammed his face into the floor, causing his nose to bleed and making him "dizzy with pain"; and (3) Defendant Captain Aaron Rodger ("Rodger") "watched the whole assault" and failed to intervene. *Doc. 2 at 5-6.* Oakley alleges that, the same day, Howard wrote a "false" disciplinary report against him, which caused him to be placed in segregation.[2] *Id. at 6, 11-12.*

---

[1] The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Reynolds v. Dormire,* 636 F.3d 976, 979 (8th Cir. 2011).

[2] Oakley also names three other Defendants: Warden Toni Bradley, Deputy Warden DeAngelo Earl and ADC Director Wendy Kelley. *Id. at 1-2.* However, he makes no specific factual or legal allegations against any of them.

The Court may properly dismiss a prisoner's *in forma pauperis* § 1983 complaint, as frivolous or failing to state claim for relief, when it is apparent from the face of the complaint that the statute of limitations has run. *Jones v. Bock,* 549 U.S. 199, 215 (2007); *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992); *see Winston v. Burl,* 596 Fed. Appx. 525, 525 (8th Cir. 2015) (affirming § 1915A dismissal of claims that were barred by statute of limitations); *Hall v. Elrod,* 399 Fed. Appx. 136, 137 (8th Cir. 2010) (same); *Housley v. Erwin,* 325 Fed. Appx. 474, 475-76 (8th Cir. 2009) (same).

Because § 1983 does not contain a statute of limitations, federal courts must apply the forum state's statute of limitations period for personal injury actions. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). Arkansas's statute of limitations for personal injury actions is three years. *See* Ark. Code Ann. § 16-56-105(3). Accordingly, the limitations period for § 1983 actions, arising in Arkansas, is three years. *Spradling v. Hastings,* 912 F.3d 1114, 1119 (8th Cir. 2019); *Miller v. Norris,* 247 F.3d 736, 739 (8th Cir. 2001).

A § 1983 cause of action accrues "when the plaintiff has a complete and present cause of action, … that is, when the plaintiff can file suit and obtain relief." *Wallace,* 549 U.S. at 388. In other words, accrual occurs when the plaintiff "discovers, or with due diligence should have discovered, the injury that is the basis

3

of the litigation." *Union Pacific Railroad Co. v. Beckham*, 138 F.3d 325, 330 (8th Cir. 1998). The events giving rise to all of Oakley's claims occurred on March 24, 2016. If not tolled, the three-year statute of limitations expired on March 24, 2019. Oakley filed the instant case on June 11, 2019, almost three months beyond the limitations period.[3]

Because the PLRA obligates prisoners to pursue their administrative remedies before commencing a § 1983 action, the statute of limitations should be equitably tolled while they complete the exhaustion process. *Williams v. Pulaski County Detention Facility,* 278 Fed. Appx. 695, 695-96 (8th Cir. 2008) (remanding case to determine whether limitations period was tolled due to inmate's argument that he had not received a final decision on his administrative grievance); *see also, e.g., Battle v. Ledford,* 912 F.3d 708, 717-18 (4th Cir. 2019) (collecting cases and joining the "consensus" of courts that equitably toll the § 1983 limitations period during the PLRA exhaustion period); *Gonzalez v. Hasty,* 651 F.3d 318, 323 (2d Cir. 2011) ("The catch-22 is self-evident … the prisoner who files suit … prior to exhausting administrative remedies risks dismissal based on [the PLRA]; whereas the prisoner

---

[3]Under the "prison mailbox rule," a prisoner's § 1983 complaint is deemed "filed" when he places it in the prison's internal mail system. *Sulik v. Taney County,* 316 F.3d 813, 815 (8th Cir. 2003), *rev'd on other grounds,* 393 F.3d 765 (8th Cir. 1005). The envelope in which Oakley mailed his Complaint bears a postmark, from the ADC's Grimes Unit, of June 11, 2019. *Doc. 2 at 13.* Accordingly, June 11, 2019 is deemed to be the date Oakley initiated this action.

who waits to exhaust his administrative remedies risks dismissal based upon untimeliness.") (quoting *Johnson v. Rivera,* 272 F.3d 519, 522 (7th Cir. 2001)).

According to the documents Oakley attached to his Complaint, he initiated the grievance process on March 25, 2016, and his final administrative appeal was completed on May 19, 2016. *Doc. 2 at 8-10.* Giving Oakley the benefit of equitable tolling through May 19, 2019, his § 1983 Complaint – filed more than three weeks later -- is still time-barred.

Because it is clear from the face of Oakley's Complaint that all of Defendants' alleged conduct occurred more than three years before he filed this case on June 11, 2019, this case should be dismissed in its entirety, with prejudice. In addition, because a dismissal due to a violation of the statute of limitations is tantamount to a dismissal for failure to state a claim, *Jones,* 549 U.S. at 215, the Court recommends that this dismissal be treated as a strike pursuant to 28 U.S.C. § 1915(g).

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Oakley's Complaint (*Doc. 2*) be DISMISSED, WITH PREJUDICE.

2. The dismissal of this case be counted as a "STRIKE," pursuant to 28 U.S.C. § 1915(g).

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be

taken in good faith.

DATED this 18th day of June, 2019.

_____
UNITED STATES MAGISTRATE JUDGE